**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**February 11, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-50843
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRENDA LEE ESTES,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-02-CR-186-15
- - - - - - - - - -

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Brenda Lee Estes appeals her conviction, following a jury trial, of aiding and abetting the possession of pseudoephedrine with intent to manufacture methamphetamine, a violation of 21 U.S.C. § 843(a)(6). She does not challenge her conviction of another count charging her with conspiracy to manufacture methamphetamine. The district court sentenced Estes to concurrent 87-month prison terms and three-year supervised-release terms.

On July 25, 2002, investigators found 312 pseudoephedrine pills under the passenger seat of an Isuzu pickup truck that Estes

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was driving. Codefendant Randy Hunter, with whom Estes lived and who was her former husband, was in the passenger seat. Estes does not dispute that Hunter was a methamphetamine cook and that the pills were to be used as an ingredient in a "cook." Estes, however, challenges the sufficiency of the trial evidence to prove that she knew that the pills were in the truck.

The evidence was not insufficient to support an inference that Estes knew that the pseudoephedrine pills were hidden under the passenger seat. See United States v. Villarreal, 324 F.3d 319, 322 (5th Cir. 2000); United States v. Jones, 185 F.3d 459, 464 (5th Cir. 1999). Although Estes's control of the truck was not sufficient by itself to establish that she knowingly possessed the pills, see United States v. Crain, 33 F.3d 480, 486 (5th Cir. 1994), other evidence established her knowledge. Witnesses testified that they had bought methamphetamine from Estes and Hunter at their home, that Estes had used methamphetamine by injecting it, that Estes appeared to be well aware of Hunter's role as a methamphetamine cook, and that Estes had served as a lookout during Hunter's cooks. On one prior occasion, Estes had accompanied others to steal anhydrous ammonia, a necessary ingredient in the manufacture of methamphetamine. Approximately one week prior to July 25, 2002, Estes and Hunter had met Dulcie and Woodrow Schuler and had arranged to assemble the ingredients for a methamphetamine cook. The Schulers were to steal or otherwise obtain anhydrous ammonia and Estes and Hunter would supply other ingredients. The couples met again on the night of

2

July 25, 2002, but the plan fell through when the Schulers were stopped with stolen anhydrous ammonia and when Dulcie identified the Isuzu pickup as belonging to the people to whom they were to supply the chemical. Collectively, this evidence was sufficient to prove Estes's knowledge that the pseudoephedrine pills were in the truck.

Estes's convictions are AFFIRMED.